10-CV-9027 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNELL GUERRERO,

                                    Plaintiff,

-against-

FJC SECURITY SERVICES INC, NYC HUMAN RESOURCES ADMINISTRATION,

                                    Defendants.

**DEFENDANT HUMAN RESOURCES ADMINISTRATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS.**

MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendant HRA
100 Church Street, Room 2-107
New York, N.Y.  10007-2601

Of Counsel:    Benjamin Welikson
bwelikson@law.nyc.gov
Tel:    (212) 788-0924

Matter No.: 2012-002808

## TABLE OF CONTENTS

                                                                                                         **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

ARGUMENT .......................................................................................................................... 5

       POINT I ....................................................................................................................... 5

             ALL CLAIMS AGAINST DEFENDANT HRA SHOULD BE DISMISSED BECAUSE HRA IS NOT A LEGALLY SUEABLE ENTITY. ................................................................................................. 5

       POINT II ..................................................................................................................... 5

             PLAINTIFF'S CLAIMS UNDER TITLE VII SHOULD BE DISMISSED BECAUSE THEY ARE EITHER UNTIMELY OR UNEXHAUSTED ........................................................................................... 5

             A.   Any Claims Relating to Plaintiff's Allegedly Discriminatory Schedule Are Untimely. ............................................. 6

             B.   Any Claims Related to Plaintiff's Alleged Loss of Eight Hours Pay Are Unexhausted................................................. 8

       POINT III ................................................................................................................. 10

             PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. ....................................................................................... 10

             A.   Plaintiff Has Failed to Adequately Plead a Claim of Discrimination ........................................................ 11

             B.   To the Extent that Plaintiff Asserts a Claim Based on Defendant's Breach of the Settlement Agreement, Plaintiff Fails to Adequately Plead a Cause of Action............................................................... 12

CONCLUSION ..................................................................................................................... 14

**Cases**                                                                                                               **Pages**

## TABLE OF AUTHORITIES

**Cases**                                                                                                                **Page**

*Abram v. City of Buffalo*, 2011 U.S. Dist. LEXIS 8325 (W.D.N.Y. Jan. 28, 2011) ...................... 7

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ................................................................................. 10, 12

*Astra Media Group, LLC v. Clear Channel Taxi Media, LLC*, 414 Fed. Appx. 334 (2d Cir. 2011) ........................................................................................................................................... 12

*Baez v. Visiting Nurse Serv. of New York Family Care*, 2011 U.S. Dist. LEXIS 133930 (S.D.N.Y. Nov. 21, 2011) .................................................................................................... 8, 9

*Baird v. Outlook Pointe*, 2008 U.S. Dist. LEXIS 71458 (M.D. Pa. Sept. 17, 2008) ...................... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 10, 11

*Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ........................................................................................................................... ……6, 8, 10

*Castagna v. Luceno*, 2011 U.S. Dist. LEXIS 45567 (S.D.N.Y. Oct. 7, 2011 ................................ 2

*CreditSights, Inc. v. Ciasullo*, 2008 U.S. Dist. LEXIS 91481 (S.D.N.Y. Sept. 5, 2008) ........... 5, 9

*Deravin v. Kerik*, 335 F.3d 195 (2d Cir. 2003) .......................................................................... 5, 9

*De Jesus v. The City of New York*, 2012 U.S. Dist. LEXIS 23090 (S.D.N.Y. Feb. 21, 2012) 11, 12

*Deravin v. Kerik*, 335 F.3d 195 (2d Cir. 2003) .......................................................................... 5, 9

*Duran v. J.C. Refinishing Contr. Corp.*, 421 Fed. Appx. 20 (2d Cir. 2011) ............................... 13

*Harris v. S. Huntington Sch. Dist.*, 2009 U.S. Dist. LEXIS 27392 (E.D.N.Y. Mar. 30, 2009) ...... 2

*Hart v. N.Y. Univ. Hosps. Ctr.*, 2011 U.S. Dist. LEXIS 116538 (S.D.N.Y. Oct. 7, 2011) ............. 9

*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995) ................................................. 12

*Jackson v. New York State Dep't of Labor*, 708F. Supp. 2d 218 (S.D.N.Y. 2010). ..................... 11

*Jenkins v. New York City Dep't of Educ.*, 2011 U.S. Dist. LEXIS 130815 (S.D.N.Y. Nov. 9, 2011) ....................................................................................................................................... 11

**Cases**                                                                                                                              **Pages**

*Jiggetts v. Local 32BJ, et al.*, 2011 U.S. Dist LEXIS 103100 (S.D.N.Y. Aug. 11, 2011) ........... 12

*Levy v. Bessemer Trust Co.*, 1997 U.S. Dist. LEXIS 11056 (S.D.N.Y. July 30, 1997) ............... 13

*Lightfoot v. Union Carbide Corp.*, 110 F.3d 898 (2d Cir. 1997) ...................................................... 7

*Malarkey v. Texaco, Inc.*, 559 F. Supp. 117 (S.D.N.Y. 1982) ..................................................... 6, 7

*McDowell v. N. Shore-Long Island Jewish Health Sys, Inc.*, 788 F. Supp. 2d 78 (E.D.N.Y. 2011) ................................................................................................................................................. 11

*McGullam v. Cedar Graphics Inc.*, 609 F.3d 70 (2d Cir. 2010) .................................................. 6,8

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ................................................ 6

*Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007) ....................................................................... 11, 12

*Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481 (2d Cir. 1999) ....................... 13

*Richardson v. City of New York*, 285 F. Supp. 2d 303 (E.D.N.Y. 2003) ........................................ 5

*Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458 (2d Cir. 2006) .......................... 11

*Robles v. Argonaut Rest. & Diner, Inc.*, 2009 U.S. Dist. LEXIS 96949 (S.D.N.Y. Oct. 8, 2009) . 8

*Sank v. City Univ. of New York*, 2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. 2011) ..................... 12

*Sussle v. Sirina Protection Sys. Corp.*, 269 F. Supp. 2d 285 (S.D.N.Y. 2003) ........................ 9, 10

*Weston v. N.Y. City Dep't of Corr. Servs.*, 2005 U.S. Dist. LEXIS 1365 (S.D.N.Y. Jan. 31, 2005) ................................................................................................................................................... 5

*Wiley v. Citibank, N.A.*, 2000 U.S. Dist. LEXIS 799 (S.D.N.Y. Jan 28, 2000) ........................ 9, 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DONNELL GUERRERO,

                                                          Plaintiff,    10-CV-9027 (JPO)

                -against-

FJC SECURITY SERVICES INC, NYC HUMAN
RESOURCES ADMINISTRATION,

                                                          Defendants.

------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF HUMAN RESOURCES
ADMINISTRATION'S MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff brings this action against defendants FJC Security Services, Inc. ("FJC") and the New York City Human Resources Administration ("HRA") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* Defendant HRA now moves to dismiss plaintiff's complaint against it in its entirety on the grounds that: 1) defendant HRA, as an agency of the City of New York, is not subject to suit and cannot be held independently liable; 2) plaintiff failed to file an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the 300 day period mandated by Title VII and therefore any claim related to plaintiff's allegedly discriminatory schedule is time barred; 3) plaintiff did not allege that he was subject to discipline and a loss of pay in the administrative charge he filed with the EEOC and therefore any claim related to that conduct is not exhausted; and 4) to the extent that plaintiff alleges a claim for discrimination or for breach

of his settlement agreement, he has failed to plead a claim upon which relief may be granted. Accordingly, plaintiff's complaint against HRA should be dismissed in its entirety.

## FACTUAL BACKGROUND[1]

Plaintiff Donnell Guererro alleges that he is an employee of defendant FJC Security Services, Inc. ("FJC"). Compl. § II(E) at ¶ 1.[2] FJC is a security services company that provides security for various agencies of the City of New York. *See Id.* § II(E) at ¶¶ 1-3. HRA contracts with FJC to provide security services for its facilities. Compl. § II(E) at ¶ 1.

On December 22, 2008, FJC terminated plaintiff from his position as a security guard. Compl. at 8 of 15[3] (Plaintiff's Equal Employment Opportunity Commission Charge ("July, 2010

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's allegations are assumed to be true for purposes of this motion to dismiss only. In addition to the allegations in plaintiff's complaint, this statement of facts relies upon the administrative charge plaintiff filed with the EEOC and the complaint plaintiff filed in an earlier federal action, *Guerrero v. FJC Sec. Servs., Inc.*, Docket No. 09-CV-4820 (RJS)(THK). The Court may rely on these documents in deciding defendant HRA's motion because they plaintiff has either attached them to his complaint, incorporated them by reference, or the Court may take judicial notice of them. *See Castagna v. Luceno*, 2011 U.S. Dist. LEXIS 45567, at *14. (S.D.N.Y. Oct. 7, 2011) (deeming a plaintiff's EEOC charge incorporated by reference where it was "reference[d] . . . several times in [the] Second Amended Complaint"). *See also Harris v. New York State Dep't of Health*, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) (holding that "the Court may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings").

[2] Plaintiff utilized a form complaint provided by the Southern District of New York. *See* Complaint For Employment Discrimination, *available at* http://www.nysd.uscourts.gov/file/forms/complaint-employment-discrimination. Section II(E) of the form complaint instructs plaintiff to describe the facts supporting his or her claim. *See id.* Plaintiff attached additional documents setting forth these allegations in numbered paragraphs, which are referred to in this memorandum of law by citation to each numbered paragraph of Section II(E).

[3] Plaintiff has attached various documents to his complaint without identifying page numbers. In citing to these documents, defendant refers to each page as if it was numbered, starting from the cover page of plaintiff's Complaint For Employment Discrimination as page one. Page eight of the complaint is the charge plaintiff filed with the EEOC on July 24, 2010. *See* Welikson Decl. at Exhibit A.

EEOC Charge" or "EEOC Charge")); *See also* Declaration of Assistant Corporation Counsel Benjamin Welikson, dated February 27, 2012 ("Welikson Decl.") at Exhibit A.  Subsequently on May 22, 2009, plaintiff filed a complaint against FJC and HRA in the Southern District of New York, captioned *Guerrero v. FJC Sec. Servs., Inc.*, Docket No. 09-CV-4820 (RJS)(THK) (the "2009 Action").  In that complaint, plaintiff asserted claims under Title VII of the Civil Rights Act of 1964.  In or around February of 2010, the parties agreed to settle the 2009 Action.  On February 16, 2010, the parties executed a stipulation to discontinue the action with prejudice, which was So Ordered by the Magistrate Judge Theodore Katz on March 5, 2010.  *See Guerrero*, Docket Number 09-CV-4820 (RJS)(THK), Docket Entry 16.

In May of 2009, prior to the consummation of the 2009 Action settlement agreement, plaintiff was reinstated to his position with FJC.  *See* Compl. § II(E) at ¶ 1; *see also* Compl. at 8.  Plaintiff alleges that HRA did not want FJC to assign him to another HRA facility and instead requested that he be assigned to a different city agency.  *Id.* at ¶ 2.  According to plaintiff, HRA has a "ban policy" that adversely affects minorities.  *Id.*  That alleged policy notwithstanding, plaintiff was in fact assigned to an HRA facility on May 25, 2009, referred to as the Melrose Center, which is located at 260 East 161st Street, Bronx, New York.  *See Id.* at ¶ 3;[4] *see also* Compl. at 8.  Plaintiff further alleges that rather than being returned to five-day schedule, as he expected, he was assigned to a four-days-a-week schedule upon his reinstatement in May of 2009.  Compl. § II(E) at ¶ 1.  Plaintiff worked a four-day schedule for one year.  *Id.* at ¶ 3.

---

[4] The Court may take judicial notice of the fact that HRA's website lists the Melrose Center as one of its facilities, located at 260 East 161st Street, Bronx, N.Y. 10451.  *See* http://www.nyc.gov/html/hra/html/directory/job_centers_bronx.shtml (listing the address of the HRA Melrose Center) (last visited February 27, 2012); *see also Sash v. Laird*, 2008 U.S. Dist. LEXIS 55765, at *3 (S.D.N.Y. July 16, 2008).

Finally, plaintiff claims that on May 3, 2010, while he was working at his assigned HRA location, a "field inspector" named Brent told plaintiff he had been trying to locate him for one hour. Compl. § II(E) at ¶ 3. Plaintiff, however, claims that he "went to the restroom to deficated [sic]." Compl. at 15. As a result of this infraction, plaintiff was sent home and lost eight hours of pay. *Id.* at ¶ 4. Plaintiff claims that, despite the fact that other security guards were out of uniform and smelled of alcohol, he was singled out for discipline. *See Id.*

On July 24, 2010, plaintiff filed an administrative charge with the EEOC against defendants FJC and HRA. *See* Compl. at 8; *see also* Welikson Decl. at Exhibit A. In his July, 2010 EEOC Charge, plaintiff discusses the 2009 Action he filed against defendants and the fact that he was assigned to work a four day schedule when he was reinstated on May 25, 2009. *See id.* Plaintiff alleges that these actions constitute retaliation. *See id.* The July, 2010 EEOC Charge does not allege that defendant HRA engaged in any acts of discrimination based on race or gender, which occurred after the 2009 Action. *See id.* Nor does the July, 2010 EEOC Charge discuss the allegations regarding plaintiff's May 3, 2009 discipline and subsequent loss of eight-hours pay.

The EEOC issued plaintiff a "Right to Sue" Letter on October 25, 2010. Compl. at 9. Plaintiff commenced the instant action against defendants FJC and HRA on July 24, 2010 alleging claims of discrimination, retaliation and "harassment" pursuant to Title VII. For the following reasons, plaintiff's complaint against HRA should be dismissed in its entirety.

**ARGUMENT**

**POINT I**

**ALL CLAIMS AGAINST DEFENDANT HRA SHOULD BE DISMISSED BECAUSE HRA IS NOT A LEGALLY SUEABLE ENTITY.**

As a threshold matter, all claims against defendant HRA must be dismissed because the HRA is an agency of the City of New York and is therefore not a legally sueable entity. "The New York City Charter provides that 'all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.'" *Weston v. N.Y. City Dep't of Corr. Servs.*, 2005 U.S. Dist. LEXIS 1365, at *1 (S.D.N.Y. Jan. 31, 2005) (quoting New York City Charter § 396). "Agencies of the City of New York are not subject to suit and cannot be held independently liable for claims against them." *Richardson v. City of New York*, 285 F. Supp. 2d 303, 304 (E.D.N.Y. 2003). Accordingly, all claims against defendant HRA should be dismissed.

**POINT II**

**PLAINTIFF'S CLAIMS UNDER TITLE VII SHOULD BE DISMISSED BECAUSE THEY ARE EITHER UNTIMELY OR UNEXHAUSTED**

Assuming that plaintiff may proceed against HRA, plaintiff's claims under Title VII should nonetheless be dismissed because they are either untimely or not properly exhausted. "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*,

335 F.3d 195, 200 (2d Cir. 2003). "This exhaustion requirement is an essential element of Title VII's statutory scheme." *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). Its purpose "is to encourage settlement of discrimination disputes through conciliation and voluntary compliance." *Id.* (internal quotations omitted). Where a plaintiff fails to properly file a charge with the EEOC, "the administrative agency [is denied] the opportunity to investigate, mediate, and take remedial action." *Id.* (internal quotations omitted). Here, plaintiff has failed to properly comply with Title VII's exhaustion requirements and his complaint must therefore be dismissed.

**A.     Any Claims Relating to Plaintiff's Allegedly Discriminatory Schedule Are Untimely.**

Plaintiff first asserts a claim based on the fact that, upon his reinstatement to FJC in or around May of 2009, he was assigned to work at HRA with a schedule of four-days-a-week rather than five. Plaintiff, however, filed his EEOC Charge on July 24, 2010. Because defendant HRA allegedly assigned plaintiff to this schedule when he was reinstated in May of 2009, any claims related to this action are time barred.

42 U.S.C. § 2000e-5(e)(1), "precludes recovery for *discrete* acts of discrimination or retaliation that occur outside the statutory time period." *McGullam v. Cedar Graphics Inc.*, 609 F.3d 70, 75 (2d Cir. 2010) (emphasis in original); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). In New York, "the statute of limitations for filing a charge of discrimination with the EEOC is 300 days." *Butts*, 990 F.2d at 1401. "When a plaintiff fails to file a timely charge with the EEOC, the claim is time barred." *Id.*

"Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Where there is "a reasonable ascertainable date on which the act . . . occurred, that is the day on which the statute beg[ins] to run." *Malarkey v. Texaco, Inc.*, 559 F. Supp. 117, 121 (S.D.N.Y. 1982) (internal

quotations omitted), *aff'd* 704 F.2d 674 (2d Cir. 1983) (per curium).  This is true, even if "an employee continues to feel the effects of a discriminatory act on the part of the employer." *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997); *see also Malarkey*, 559 F. Supp. at 120 ("[W]hile employees who have been demoted continue to feel the effects of that demotion in terms of reduced salary and job opportunities . . . the critical question is whether any present *violation* exists.") (internal quotations omitted).  "Completed acts such as termination through discharge or resignation, a job transfer, or discontinuance of a particular job assignment, are not acts of a continuing nature," and therefore must be filed within the 300 day period set forth by Title VII.  *See Lightfoot*, 110 F.3d at 907 (internal quotations omitted); *Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.").

    Here, to the extent that plaintiff's Title VII claims relate to defendant's decision to assign him to a four-day-a-week schedule upon his reinstatement, those claims must be dismissed as untimely.  Plaintiff's assignment to an allegedly discriminatory schedule occurred on a reasonable ascertainable date: the date he was reinstated in May of 2009.  *See* Compl. § II(E) at ¶ 1.  As such, the alleged schedule change constitutes a discrete act from which the 300 day period to file a charge with the EEOC began to run.  *See Malarkey*, 559 F. Supp. at 121.  *See also Abram v. City of Buffalo*, 2011 U.S. Dist. LEXIS 8325, at *11 (W.D.N.Y. Jan. 28, 2011) (dismissing claims arising out an "alleged discriminatory schedule change" as untimely where they were not filed within the statutory 300 day period); *Harris v. S. Huntington Sch. Dist.*, 2009 U.S. Dist. LEXIS 27392, at *27 (E.D.N.Y. Mar. 30, 2009) (dismissing claims arising out of, *inter alia*, defendants' discrete act of "reassigning [plaintiff] to work the night shift . . . effectively denying him the opportunity to work overtime" as untimely); *Robles v. Argonaut*

*Rest. & Diner, Inc.*, 2009 U.S. Dist. LEXIS 96949, *29-30 (S.D.N.Y. Oct. 8, 2009) (explaining that "claims based on wage reduction, termination, and hours reduction" are discrete acts); *Baird v. Outlook Pointe*, 2008 U.S. Dist. LEXIS 71458, at *15 (M.D. Pa. Sept. 17, 2008) ("[Plaintiff alleges several discrete acts of retaliatory discrimination: reduced hours, wrongful discipline, and termination. . . .  [S]he may not recover under Title VII for any of these discrete employment practices that occurred more than 300 days prior to" filing her EEOC charge.).  Since plaintiff did not file his EEOC Charge until July 24, 2010, more than 300 days from the date of the alleged discriminatory schedule assignment, any claims arising out of that discrete act should be dismissed as untimely.  *See McGullam*, 609 F.3d at 75.

**B.     Any Claims Related to Plaintiff's Alleged Loss of Eight Hours Pay Are Unexhausted.**

Plaintiff also asserts claims relating to an event, which allegedly occurred on May 3, 2010, in which plaintiff was disciplined and "lost 8 hours pay."  *See* Compl. § II(E) at ¶¶ 1-2.  According to plaintiff, "This is retaliation because of complaining about discrimination and harassment."  *Id.* at ¶ 2.  However, because plaintiff did not include or refer to these events in his July, 2010 EEOC Charge, any claims related to these allegations are unexhausted and therefore must be dismissed.

"A district court only has jurisdiction to hear Title VII claims that are either included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in EEOC charge."  *Butts*, 990 F.2d at 1401.  Thus, "[i]f a claim is omitted from an EEOC charge and does not involve the same type of discrimination as that which was submitted for investigation, the omitted claim must be dismissed."  *Baez v. Visiting Nurse Serv. of New York Family Care*, 2011 U.S. Dist. LEXIS 133930, at *11 (S.D.N.Y.

- 8 -

Nov. 21, 2011) (quoting *Hart v. N.Y. Univ. Hosps. Ctr.*, 2011 U.S. Dist. LEXIS 116538, at *9-10 (S.D.N.Y. Oct. 7, 2011).

Under the Second Circuit's jurisprudence, a plaintiff may raise unexhausted claims as reasonably related only where such claims:

> (a) would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charges of discrimination, (b) allege retaliation by an employer against an employee for filing an EEOC charge, or (c) allege further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge.

*Baez*, 2011 U.S. Dist LEXIS at *10 (internal quotations and alterations omitted). *See also Wiley v. Citibank, N.A.*, 2000 U.S. Dist. LEXIS 799, at *11 (S.D.N.Y. Jan 28, 2000). "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the EEOC charge . . . describing the discriminatory conduct about which a plaintiff is grieving." *Deravin*, 335 F.3d at 201 (internal quotations and alterations omitted). "[F]actually dissimilar claims are not reasonably related to those pled in the administrative complaint because the new claims cannot reasonably be expected to fall within the scope of the administrative investigation." *Wiley*, 2000 U.S. Dist. LEXIS at *11. In addition, the "reasonably related doctrine does not excuse a plaintiff's failure to include allegations in his administrative complaint where those allegations pertained to conduct that had occurred before the administrative complaint was filed." *Sussle v. Sirina Protection Sys. Corp.*, 269 F. Supp. 2d 285, 315 (S.D.N.Y. 2003).

Here, the allegations in the complaint that relate to plaintiff's loss of eight hours' pay are not reasonably related to any conduct described in the July 24, 2010 EEOC Charge. In the July, 2010 EEOC Charge, plaintiff discusses his earlier federal suit against defendants FJC and HRA. *See* Compl. at 8; Welikson Decl. at Exhibit A. The Charge describes plaintiff's

reinstatement and return to an HRA facility on May 25, 2009 and the allegedly discriminatory "four day schedule." These factual allegations are wholly distinct from the conduct related to plaintiff's May 10, 2010 disciplinary loss of pay, which occurred approximately one year after the conduct which plaintiff discusses in his EEOC Charge, and which plaintiff raises for the first time in his complaint. *See Wiley*, 2000 U.S. Dist LEXIS at *13 (dismissing claims related to a constructive discharge, where plaintiff's EEOC's charge described discriminatory failure to promote because such claims differ "in time and manner"). Furthermore, plaintiff's alleged May 10, 2010 discipline occurred *before* he filed his EEOC Charge on July 24, 2010. Therefore, plaintiff's failure to include these allegations cannot be excused by the reasonably related doctrine, which permits claims "based on conduct subsequent to the EEOC charge." *See Butts*, 990 F.2d at 1401; *see also Sussle*, 269 F. Supp. 2d at 315 ("The plaintiff had an opportunity to assert his allegations about the Defendant's prior retaliatory conduct when he filed his charge."). Accordingly, any claims related the alleged disciplinary loss of hours on May 10, 2010 are procedurally barred and should be dismissed.[5]

### POINT III

**PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

A complaint may be dismissed pursuant to Federal Rule 12(b)(6) where it fails to plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[5] To the extent that plaintiff is asserting other claims under Title VII for discrimination, those claims are also procedurally barred since plaintiff only alleged claims of retaliation in his July, 2010 EEOC Charge. *See Baez*, 2011 U.S. Dist. LEXIS, at *11 (dismissing claims for race and gender discrimination as not reasonably related where "not one of the specific allegations mention's plaintiff's race or gender . . . . [and] the charge is rooted in the allegations that plaintiff was suffering retaliatory treatment").

The facts set forth in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions …" *Id.* (internal quotation marks and alteration omitted). "*Pro se* status does not . . . excuse a plaintiff from compliance with the Federal Rules of Civil Procedure." *Jenkins v. New York City Dep't of Educ.*, 2011 U.S. Dist. LEXIS 130815, at *7-8 (S.D.N.Y. Nov. 9, 2011).

A.   **Plaintiff Has Failed to Adequately Plead a Claim of Discrimination**

To survive a motion to dismiss, a complaint asserting claims of discrimination "must allege facts showing that defendant took an adverse employment action against him based on his race." *McDowell v. N. Shore-Long Island Jewish Health Sys, Inc.*, 788 F. Supp. 2d 78, 81 (E.D.N.Y. 2011); *see also Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007). A complaint replete with "conclusory allegation[s] of discrimination . . . without evidentiary support or allegations of particularized incidents, does not state a valid claim." *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (internal quotations omitted). Thus, where a complaint alleges no more than "a bare conclusion, unsupported by any specific factual allegations of discrimination," it cannot survive a motion to dismiss. *See McDowell*, 508 F.3d at 82; *see also De Jesus v. The City of New York*, 2012 U.S. Dist. LEXIS 23090, at *20-21 (S.D.N.Y. Feb. 21, 2012); *Jenkins*, 2011 U.S. Dist. LEXIS 130815, at *12; *Jackson v. New York State Dep't of Labor*, 708F. Supp. 2d 218, 227 (S.D.N.Y. 2010).

Here, to the extent that plaintiff asserts a claim for discrimination, the complaint lacks any factual particularity, mandating dismissal of the claim. To begin with, while plaintiff conclusorily asserts that HRA maintains a ban policy that impacts minorities, he also alleges that he was assigned to an HRA facility when he was reinstated. *Compare* Compl. § II(E) at ¶ 2 *with* Compl. § II(E) at ¶ 3 *and* Compl. at 8. Thus, defendant's supposed ban policy, to the extent it

- 11 -

exists, had no adverse affect on plaintiff, and he therefore fails to state a cause of action. *See Jiggetts v. Local 32BJ, et al.*, 2011 U.S. Dist LEXIS 103100, at *26-27 (S.D.N.Y. Aug. 11, 2011) (dismissing a claim of discrimination where plaintiff "makes conlcusory statements that the City discriminated against him on the basis of his race; [but] … entirely fails to specify how the City's alleged discrimination affected him"); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (upholding dismissal, where "attenuated allegations" in the complaint were "contradicted both by more specific allegations in the Complaint and by facts of which [the court] may take judicial notice").

Moreover, plaintiff fails to allege any facts "from which discriminatory animus . . . c[an] be inferred." *See Sank v. City Univ. of New York*, 2011 U.S. Dist. LEXIS 125016, at *24 (S.D.N.Y. 2011). Plaintiff, for example, does not allege membership in a protected class. This alone, is grounds for dismissal. *See De Jesus*, 2012 U.S. Dist. LEXIS at *20-21. Nor does plaintiff allege any facts relating to a discriminatory-motive on the part of a decision maker or that similarly situated individuals were given preferential treatment. *See Patane*, 508 F.3d at 112. In sum, plaintiff's complaint provides nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations," and therefore, to the extent that plaintiff asserts any claims for discrimination, they should be dismissed. *See Iqbal*, 129 S. Ct. at 1949-50.

### B. To the Extent that Plaintiff Asserts a Claim Based on Defendant's Breach of the Settlement Agreement, Plaintiff Fails to Adequately Plead a Cause of Action

Finally, to the extent that plaintiff asserts a claim for breach of the 2009 Action settlement agreement, that claim should also be dismissed.[6] "Settlement agreements are

---

[6] In addition, as a threshold matter, since plaintiff's federal claims should all be dismissed, the Court should decline to exercise its supplemental jurisdiction over this pendant, state-law breach of contract claim. *See Astra Media Group, LLC v. Clear Channel Taxi Media, LLC*, 414 Fed. Appx. 334, 337 (2d Cir. 2011) ("[W]here all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over

contracts and must therefore be construed according to general principles of contract law." *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999); *accord Duran v. J.C. Refinishing Contr. Corp.*, 421 Fed. Appx. 20, 21 (2d Cir. 2011) ("Because a settlement agreement is a contract [it] is interpreted according to general principles of contract law."). To make out a claim for breach of contract, a plaintiff "must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue." *Levy v. Bessemer Trust Co.*, 1997 U.S. Dist. LEXIS 11056, at *14 (S.D.N.Y. July 30, 1997). "In pleading these elements, a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *CreditSights, Inc. v. Ciasullo*, 2008 U.S. Dist. LEXIS 91481, at *31 (S.D.N.Y. Sept. 5, 2008).

Here, plaintiff conclusorily asserts that "The settlement agreement was that I be made whole upon my rein-statement [sic]." *See* Compl. § II(E) at ¶ 1. He fails, however, to identify what, if any, provisions of the settlement agreement were breached and what damages he sustained as a result. Accordingly, plaintiff has failed to make out a claim for breach of the agreement to settle the 2009 Action and this claim should also be dismissed. See *CreditSights*, 2008 U.S. Dist. LEXIS at *32 (S.D.N.Y. Sept. 5, 2008) ("New York law is eminently clear that a proper breach of contract claim must identify specifically breached contract terms. None are so alleged.").

---

pendent state-law claims.")

## **CONCLUSION**

For the foregoing reasons, defendant Human Resources Administration respectfully requests that its motion to dismiss be granted, that judgment be entered in favor of the Human Resources Administration and that the Human Resources Administration be granted costs and fees, together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	February 27, 2012

	MICHAEL A. CARDOZO
	Corporation Counsel of the
	  City of New York
	Attorney for Defendant HRA
	100 Church Street, Room 2-196
	New York, New York 10007-2601
	(212) 718-0924
	bwelikso@law.nyc.gov

	By:	_____/s/_____
		BENJAMIN WELIKSON
		Assistant Corporation Counsel


BLANCHE GREENFIELD,
BENJAMIN WELIKSON.
	Of Counsel